IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DAVID P. McMULLEN, | ) | CIVIL NO. 10-00775 JMS/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On December 21, 2010, Plaintiff David P. McMullen ("Plaintiff") filed this case in the District Court of the Second Circuit, State of Hawaii, against Bernadette Boteilho ("Boteilho"). Boteilho is a Postmaster with the United States Postal Service (Kula, Hawaii, Post Office). Doc. No. 1, at 2. Boteilho removed this case to this court on December 30, 2010 pursuant to 28 U.S.C. § 1442(a)(1), and the United States was substituted as Defendant. Doc. No. 5.

Plaintiff alleges that Defendant owes him $425.94 for failure to deliver a package in May of 2008 and October of 2009. The United States has filed a Motion to Dismiss for lack of subject matter jurisdiction. Plaintiff has not filed an Opposition. The court finds the matter suitable under Local Rule 7.2(d) for decision without an oral hearing, and hereby GRANTS the Motion to Dismiss.

Because further amendment would be futile, the dismissal is with prejudice.

Plaintiff alleges that he purchased "an Epson 1900 Stylus Color Printer" through E-Bay and PayPal that was to be shipped from "Fayetteville, N.Y. Post Office." As best the court can glean from the Complaint, it appears that the parcel "was sent back to N.Y. undeliverable" and was "sent again in Oct. 2009 (27th) received in Kula [Maui] w/instructions to collect . . . cob [?] but [I] was never contacted. Parcel then was sent to dead mail and never to be found again and I have not been given my refund." Compl. at 1, Doc. No. 1-1.

Defendant moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that Plaintiff's claim is barred by sovereign immunity and that Plaintiff has failed to allege compliance with the administrative claim requirement in the Federal Tort Claims Act ("FTCA").

Plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). With a motion to dismiss under Rule 12(b)(6), the court construes the Complaint in the light most favorable to plaintiff and its allegations are taken as true. *See, e.g.*, *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008). Where a defendant challenges the sufficiency of the jurisdictional allegations in the Complaint, the same standards apply to a Rule 12(b)(1) motion as apply to a

motion under Rule 12(b)(6). *See, e.g.*, *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

The FTCA provides the exclusive remedy for actions arising out of the alleged negligent act or omission of any employee of any federal agency, including the Postal Service. *See* 28 U.S.C. § 1346(b); *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 (9th Cir. 1979) (applying principles to suits against postal employees). While the FTCA waives the sovereign immunity of the United States for certain matters, it specifically states that it "shall not apply to any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b); *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489 (2006) ("We think it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."); *Anderson v. U.S. Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) ("[B]y 28 U.S.C. § 2680(b) the United States retains sovereign immunity for tort claims against it for 'loss, miscarriage, or negligent transmission' of the mails.").

Plaintiff's claim seeking damages caused by lost mail falls squarely within the terms of § 2680(b). His claim is therefore barred by sovereign immunity. Section 2680(b) excludes claims based on delays in delivering a letter,

3

delivering a letter to the wrong address, or the loss of a registered letter. *See, e.g.*, *Rider v. U. S. Postal Serv.*, 862 F.2d 239, 242 (9th Cir. 1988); *Anderson*, 761 F.2d at 528 (finding that plaintiff's claim for loss of stolen certified letters was barred by sovereign immunity). Accordingly, this court lacks subject matter jurisdiction over this action. *See O'Toole v. United States*, 295 F.3d 1029, 1033 (9th Cir. 2002) ("Where an exception to the FTCA under § 2680 applies, the United States has elected not to waive its immunity from suit, and courts are without jurisdiction over such claims.").[1]

Defendant United States' Motion to Dismiss is GRANTED. The United States retains sovereign immunity over the claims alleged in the Complaint. Because further amendment would be futile, the dismissal is with

///

///

///

///

---

[1] Plaintiff has also failed to demonstrate that he presented an administrative claim before filing suit, as is required under 28 U.S.C. § 2675(a). This is an independent ground for granting the Motion to Dismiss. *See, e.g.*, *Brady v. United States*, 211 F.3d 499, 502-03 (9th Cir. 2000) (affirming dismissal of FTCA complaint for failure to file administrative claim before filing suit).

prejudice.  Judgment shall enter in favor of Defendant, and the Clerk of Court shall close this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 8, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*McMullen v. United States*, Civ. No. 10-00775 JMS-KSC, Order Granting Defendant's Motion to Dismiss